IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| Amit B. Patel | ) | 18-31397 |
| | ) | Hon. Deborah L. Thorne |
| | ) | Trustee: Marilyn O. Marshall |
| Debtor, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Amit B. Patel | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Pro. No. 20-00272 |
| v. | ) | |
| | ) | |
| American Education Services, Bank of Lake Mills and American University of Antigua | ) ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF MOTION TO STRIKE ADVERSARY COMPLAINT

TO: All parties of record in the above-captioned adversary proceeding

PLEASE TAKE NOTICE that, on Thursday October 22, 2020, at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Deborah L. Thorne or any other judge sitting in her stead in Courtroom 613 of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, located at 219 South Dearborn Street, Chicago, Illinois, and then and there present the Motion to Strike Adversary Complaint, a copy of which is attached hereto and herewith served upon you.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com.  Then enter the meeting ID.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID.

**Meeting ID and password**.  The meeting ID for this hearing is 160 9362 1728 – there is no password required.  The meeting ID and further information can also be found on Judge Thorne's web page on the Court's web site.

**If you object to this Motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date.  If a Notice of Objection is timely filed, the Motion will be called on the presentment date.  If no Notice of Objection is timely filed, the Court may grant the Motion in advance without a hearing.

Dated: October 8, 2020                                   MCDERMOTT WILL & EMERY LLP

                                                         By: /s/ *Daniel R. Campbell*

                                                         MCDERMOTT WILL & EMERY LLP
                                                         Daniel R. Campbell
                                                         Emilie E. O'Toole
                                                         444 West Lake Street
                                                         Chicago, Illinois 60606
                                                         Telephone: 312.984.2167
                                                         Facsimile: 312.984.7700
                                                         dcampbell@mwe.com
                                                         eotoole@mwe.com

                                                         *Attorneys for Defendant American Education Services*

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 7 |
| Amit B. Patel | ) 18-31397 |
| | ) Hon. Deborah L. Thorne |
| | ) Trustee: Marilyn O. Marshall |
| Debtor, | ) |
| | ) |
| | ) |
| | ) |
| Amit B. Patel | ) |
| | ) |
| Plaintiff, | ) |
| | ) Adv. Pro. No. 20-00272 |
| v. | ) |
| | ) |
| American Education Services, Bank of Lake | ) |
| Mills and American University of Antigua | ) |
| | ) |
| Defendant. | ) |

## MOTION TO STRIKE ADVERSARY COMPLAINT

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure and Rules 7008 and 7012 of the Bankruptcy Rules, defendant American Education Services ("AES"), by and through its undersigned counsel, hereby moves (the "Motion") to strike the Complaint of plaintiff Amit Patel (Dkt. No. 1-1, "Complaint") on the grounds that: (i) the Complaint fails to satisfy basic pleading requirements and it is not a pleading at all; (ii) the Complaint is a legal brief devoid of claims for relief; and (iii) AES is denied the ability to discern either the allegations lodged against it or the legal entitlement to any relief as against it.

AES moves to strike Patel's legal brief masquerading as a pleading because AES should not be required to respond in an answer to the legal arguments of counsel before Patel has alleged sufficient facts and separate claims of relief against AES. The Complaint is devoid of short and

1

plain statements putting AES on notice of any claims for relief lodged against it. Consequently, this Motion is brought to streamline and expedite these proceedings, and not for undue delay.

WHEREFORE, AES respectfully requests, as more fully set forth in the memorandum of law incorporated herein, that the Court enter an Order in the form attached hereto, striking the Complaint without prejudice to Patel amending and asserting a proper and valid amended complaint within fourteen (14) days of the entry of this Order.

Dated: October 8, 2020                          MCDERMOTT WILL & EMERY LLP

                                                By: /s/ Daniel R. Campbell

                                                MCDERMOTT WILL & EMERY LLP
                                                Daniel R. Campbell
                                                Emilie E. O'Toole
                                                444 West Lake Street
                                                Chicago, Illinois 60606
                                                Telephone: 312.984.2167
                                                Facsimile: 312.984.7700
                                                dcampbell@mwe.com
                                                eotoole@mwe.com

                                                *Attorneys for Defendant American Education Services*

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF AES
## TO STRIKE PATEL'S COMPLAINT

On August 6, 2020, Patel purported to file a Complaint to initiate this adversary proceeding. In fact, the Complaint is nothing more than a legal brief. The so-called Complaint contains elements that one would expect to see in a memorandum of law: conclusory argumentative statements about the law, an argument section interpreting and applying the law, attempts to distinguish unfavorable legal opinions and a legal argument urging the Court to adopt Patel's contentions regarding what various statutes and regulations mean. Patel did not, however, do anything to cause his Complaint to contain the elements of a complaint, such as factual allegations supportive of a claim or specific claims for relief against particular defendants. Indeed, Patel dispenses with formality altogether by launching into a three-page argument about congressional intent. *See* Complaint at 7-10. In essence, Patel's so-called Complaint does not satisfy the threshold requirements of a pleading, and AES has no ability to discern what allegations, if any, are lodged as against AES as opposed to the other two defendants. If required to answer or otherwise respond to this pleading, AES would have no ability meaningfully to admit or deny the vast majority of the paragraphs in the brief. Further, Patel's puzzle pleading tactics fail to put AES on notice of the claims for relief lodged against AES.

Accordingly, this Court should exercise its discretion and reject Patel's premature legal brief and require Patel first to comply with the basic rules of civil procedure by filing an actual pleading in this matter – one with all the bells and whistles of factual allegations and claims for relief against each particular defendant. Thus, Patel's pleading should be stricken, and Patel should be required to file an appropriate pleading that complies with the rules.

## I. BACKGROUND FACTS

Patel's "facts and background" section of the Complaint contains only four allegations.[1] Those allegations, which are themselves vague and conclusory, assert that Patel began attending American University of Antigua ("AUA") in 2007 and completed his studies in 2012 (Complaint ¶ 5); that AES and defendant Bank of Lake Mills lent Patel nearly $20,670.00 in student loans (*id.* ¶ 6); that AES disbursed these loans in January 2009 (*id.* ¶ 7); and that Patel filed the underlying Chapter 7 action on September 28, 2017 and now seeks a determination by this Court that the AES loans do not meet the statutory requirements to be excepted from discharge. *Id.* ¶ 8.

After tersely reciting those few facts, Patel begins arguing legal conclusions. Patel's argument takes the form of selectively quoting and summarizing provisions of the Bankruptcy Code and Internal Revenue Code. *Id.* ¶¶ 9-14. Patel then launches into discussion of case law and Patel's interpretation of other statutes such as Title IV. *Id.* ¶¶ 15-33. Patel proceeds to argue his interpretation of various statutory requirements, and then discusses a purported meet and confer process between Patel's counsel and counsel for AUA. *Id.* ¶¶ 15-16. Patel then quotes a government website, as support for his arguments regarding his interpretation of Title IV. *Id.* ¶ 17. Without alleging any facts related to this proceeding, Patel then summarizes prior legal decisions outside of this District and Circuit, citing to *In re Joel Nunez*, 527 B.R. 410 (Bankr. D. Or. 2015), and *In re Stephen Donald Cleveland*, 559 B.R. 265 (Bankr. N.D. Ga. 2016). *Id.* ¶¶ 18-28.

Finally, Patel reverts back to his interpretation of statutes, congressional intent and a reiteration of why Patel believes that the Court should adopt Patel's interpretation of legal statutes. *Id.* at 7-10. At the end of his pleading, Patel asks this Court to enter an order finding that Patel's

---

[1] AES recites the "allegations" of the so-called Complaint here for background purposes only, and AES reserves its right to respond to the allegations should the Court deem the Complaint answerable.

2

debt should not be excepted from discharge, without ever asserting a claim for relief against AES based on any cognizable legal theory of recovery. *Id.* ¶¶ 34-35.

## II. LEGAL STANDARD

"A court's power to strike a document derives, in part, from Rule 12. Rule 12 is made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012. Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, '[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.' The court 'possess[es] 'considerable discretion' when ruling on a motion to strike.'" *In re Klarchek*, 509 B.R. 175, 182 (Bankr. N.D. Ill. 2014) (quoting *F.D.I.C. v. Giannoulias*, 918 F. Supp. 2d 768, 771 (N.D. Ill. 2013)).

Although motions to strike are sparingly used and are disfavored because they often serve only to delay, motions to strike are permitted and, indeed, are useful when they "remove unnecessary clutter from the case" and when they serve to expedite, not delay a case. *See In re Top Flight Stairs & Rails, Ltd.*, 398 B.R. 321, 323 (Bankr. N.D. Ill. 2008).

Courts may strike complaints when they fail to set forth a short and plain statement of the claim showing that the pleader is entitled to relief or when they contain bare bones conclusory allegations. *See Heller v. Midwhey Powder Company, Inc.,* 883 F.2d 1286, 1294-95 (7th Cir. 1989); *MAN Roland v. Quantum Color Corp.,* 57 F. Supp. 2d 576, 579 (N.D. Ill. 1999) (Alesia, J.).

A court may also grant a motion to strike when the complaint fails to allege clearly claims against the defendant and is written as a legal brief, as opposed to a complaint. *See Stanek v. Saint Charles Community Unit School District Number 303*, No. 13-CV-3106, 2017 WL 5971985, at *9

3

(N.D. Ill. Dec. 1, 2017); *Mutuelle Generale Francaise Vie v. Life Assurance Co. of Pennsylvania*, 688 F. Supp. 386, 391 (N.D. Ill. 1988). Both *Stanek* and *Mutuelle* are discussed below.

### III.    PATEL'S LEGAL BRIEF, MASQUERADING AS A SO-CALLED COMPLAINT, SHOULD BE STRICKEN IN ITS ENTIRETY

Patel dispenses with pleading facts altogether and instead cobbles together obtuse legal arguments that are presented in an illogical and random manner. Because the Complaint is, in reality, a legal brief, the Complaint must be stricken for two independent fundamental reasons. First, the Complaint fails to set forth a short and plain statement of the claims showing that the pleader is entitled to relief and is written as a legal brief rather than a pleading. Second, the Complaint is an impermissible puzzle pleading.

#### A.    The Complaint Fails to Satisfy Rudimentary Pleading Standards and Is an Argumentative Brief

A complaint must contain a short and plain statement setting forth an entitlement to relief and must include a request for relief under Rule 8 of the Federal Rules of Civil Procedure. *Graham v. Watson*, No. 15-CV-01114-NJR, 2016 WL 2755169, at *5 (S.D. Ill. May 12, 2016) ("Without any request for relief, the Second Amended Complaint does not satisfy Rule 8(a)(3) and must be dismissed."). Patel's Complaint, in sharp contrast to the dictates of Rule 8, contains almost no facts at all. In addition to lacking facts, the Complaint does not set forth an entitlement to relief. This failure is unsurprising since the Complaint fails to include any designated claims for relief or counts at all. The Complaint renders futile any effort by the Court or AES to determine what legal claims the Complaint seeks to assert.

The court in *Stanek* confronted a virtually identical pleading. In that case, *Stanek* filed a complaint that was "impossible to decipher, as it was written largely in narrative form, referred to many federal and state laws, and did not make clear which Plaintiffs were asserting which claims against which Defendants." 2017 WL 5971985, at *1. The court had granted the defendant's

motion to strike the initial complaint, and struck the third amended complaint again because that pleading was such a "disjointed and prolix presentation" making the amended complaint "unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *See id*. at *9 (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)).

Similarly here, Patel's Complaint fails to set forth a short and plain statement for relief. It is impossible to decipher and disentangle the prolix narrative in the Complaint regarding federal laws and regulations, and the Complaint fails to make clear what actions Patel is asserting against which defendants. Under the reasoning in *Stanek*, Patel's Complaint must be stricken.

In *Mutuelle*, the court struck the complaint in its entirety because it read "more like a novel or a brief as it advances evidence, theories and speculation about the events in issue." 688 F. Supp. at 391. In *Mutuelle*, the court held that the complaint was not a complaint at all, as it was filled with "statements that belong (if anywhere) in an argumentative brief and not a complaint." *Id.* Such a pleading "goes far beyond notice pleading" as required by Rule 8, making it difficult to answer. *Id.* The court noted the ruling "spares [the defendant] the difficult burden of attempting to answer such a prolix complaint." *Id.* Consequently, the court directed *Mutuelle* to "group its allegations appropriately under relevant counts" if *Mutuelle* decided to go forward and amend the complaint. *Id.*

Patel's Complaint is even worse than the two complaints analyzed in each of *Stanek* and *Mutuelle*. Unlike in the complaints in those actions, Patel's Complaint contains no counts or claims for relief at all, while still advancing the same impermissible and "impossible to decipher" narrative and argumentative statements that fail to clarify what claims (if any) are being pursued against which defendants. *See Tarzian v. Kraft Heinz Foods Co.*, No. 18-CV-7148, 2019 WL

5

5064732, at *1 (N.D. Ill. Oct. 9, 2019) (criticizing the complaint and granting the motion to dismiss when Tarzian failed to assert claims on her own behalf or on behalf of Illinois class members); *McGill ex rel. McGill v. Menard, Inc.*, No. 11-CV-4950, 2013 WL 5253650, at *1, n. 1 (N.D. Ill. Sept. 17, 2013) (the failure to assert counts in the complaint resulted in those parties as to whom no counts were asserted not being plaintiffs). The only way for AES to respond to Patel's Complaint is essentially with a counter-brief, stating why Patel's interpretation of the case law and the statutes is wrong. Such a response would perpetuate a cycle of non-factual pleading. The Court should not permit Patel's "disjointed and prolix presentation" of his claims to derail this adversary proceeding.

Accordingly, the Complaint should be stricken in its entirety for failing to comply with basic pleading standards and because striking the Complaint will remove the unnecessary clutter from the case, allowing AES expeditiously to answer or otherwise respond to an amended complaint. *See In re Top Flight Stairs & Rails, Ltd.*, 398 B.R. at 323 (striking unnecessary clutter from pleadings).

### B.     Patel's Complaint Is an Impermissible Puzzle Pleading

A puzzle pleading is a pleading that "requires the Court and the defendant to piece together exactly which statements Plaintiffs are challenging and what allegations contradict those statements." *Alizadeh v. Tellabs, Inc.*, No. 13 C 537, 2014 WL 2726676, at *5 (N.D. Ill. June 16, 2014). Puzzle pleadings require the court and defendants to parse through the pleading and determine which allegations are attributable to which defendants and to which counts they relate. *Id.* The practice of puzzle pleading has been "repeatedly lamented" by the courts, which describe puzzle pleading as a "not uncommon mask for an absence of detail." *Id.* The net effect of puzzle pleading is that the court and defendants must jump from page to page and attempt to link allegations to the appropriate party or claim for relief. *Id.* The "imprecise nature" of a puzzle

pleading "not only makes the Court's job more difficult, but it also leads to increased discovery costs, as the parties are likely to incur costs examining irrelevant issues." *Id.* As such, the striking of a puzzle pleading makes the case more efficient and does not cause undue delay or waste of time. *Id*.

Although puzzle pleading often arises in the context of securities litigation, it is equally applicable in other cases when the pleading does not clearly attribute the allegations to a claim or defendant. For instance, in *International Construction Products LLC v. Caterpillar Inc.*, No. 15-108-RGA, 2020 WL 4584354 (D. Del. Aug. 10, 2020), the court dismissed a civil conspiracy claim because International Construction Products ("ICP") failed to meet the prima facie requirements for such a claim, which failure was compounded by ICP's improper puzzle pleading of the claim. In attempting to allege its conspiracy claim, ICP merely identified numerous paragraphs in the complaint by number and stated that those paragraphs alleged its claim. *Id.* at *6. The court explicitly concluded that ICP's careless pleading was insufficient to state a claim and held that: "This type of puzzle pleading does not satisfy the requirements of Fed. R. Civ. P. 8 that the plaintiff set forth a 'short and plain' statement of its claims and make each allegation 'simple, concise and direct.'" *Id.* Because of ICP's puzzle pleading of the conspiracy claim, the court was unable to identify the necessary tort or wrongful act and, because it was the petitioner's fourth bite at the apple, dismissed the count with prejudice. *Id.*

Here, Patel's Complaint is indisputably puzzling. AES and the Court are not able to identify which allegations relate to which defendants, or whether any of the allegations give rise to a legally cognizable claim for relief. The answer to whether Patel can state a legally cognizable claim for relief unambiguously appears to be no because Patel failed to identify a single count or claim for relief that Patel could assert. Moreover, even in the most extreme puzzle pleading cases,

7

the pleadings at least contained separate counts and claims for relief. Yet, Patel's Complaint inexplicably fails to do so. As a result, Patel has marched himself out of court by this omission.

Because the Complaint is a confusing puzzle pleading, allowing it to stand would result in "more expansive (and expensive) document production and unnecessarily lengthy depositions covering needless factual ground." *See Conlee v. WMS Industries, Inc.*, No. 11-CV-3503, 2012 WL 3042498, at *5 (N.D. Ill. July 25, 2012). In *Conlee*, the court noted the courts' practice to strike the complaint and to require a plaintiff to "streamline and reorganize the complaint before allowing it to serve as a document controlling discovery." *Id.* (internal quotes omitted). As such, the Court should require Patel to "streamline and reorganize the complaint before allowing it to serve as the document controlling discovery." *Id.* (dismissing complaint as improper puzzle pleading); *accord Rossbach v. VASCO Data Security, International Inc.*, No. 15-CV-06605, 2018 WL 4699796, at *6 (N.D. Ill. Sept. 30, 2018); *Howe v. Shchekin*, 238 F. Supp. 3d 1046, 1052 (N.D. Ill. 2017); *Hughes v. Accretive Health, Inc.*, No. 13-CV-3688, 2014 WL 4784082, at *6 (N.D. Ill. Sept. 25, 2014).

## CONCLUSION

For the foregoing reasons, defendant American Education Services' Motion should be granted in its entirety.

Dated: October 8, 2020                             MCDERMOTT WILL & EMERY LLP

By: /s/ Daniel R. Campbell

MCDERMOTT WILL & EMERY LLP
Daniel R. Campbell
Emilie E. O'Toole
444 West Lake Street
Chicago, Illinois 60606
Telephone: 312.984.2167
Facsimile: 312.984.7700
dcampbell@mwe.com
eotoole@mwe.com

*Attorneys for Defendant American Education Services*

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 7 |
| Amit B. Patel | ) 18-31397 |
| | ) Hon. Deborah L. Thorne |
| | ) Trustee: Marilyn O. Marshall |
| Debtor, | ) |
| | ) |
| | ) |
| | ) |
| Amit B. Patel | ) |
| | ) |
| Plaintiff, | ) |
| | ) Adv. Pro. No. 20-00272 |
| V. | ) |
| | ) |
| American Education Services, Bank of Lake | ) |
| Mills and American University of Antigua | ) |
| | ) |
| Defendant. | ) |

## **CERTIFICATE OF SERVICE**

I, Daniel R. Campbell, an attorney, certify that on October 8, 2020, I caused true and correct copies of the foregoing **NOTICE OF MOTION TO STRIKE** and **MOTION TO STRIKE AND INCORPORATED MEMORANDUM OF LAW** to be served in accordance with the Administrative Procedures for the Case Management/Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Illinois to all counsel of record in this adversary proceeding, and by mail to:

> Bank of Lake Mills
> 136 East Madison Street
> Lake Mills, Wisconsin 53551

10

       American University of Antigua
       Attn: Len Sclafani
       One Battery Park Plaza, 33rd Floor
       New York, New York 10004

| | |
|---|---|
| Dated: October 8, 2020 | MCDERMOTT WILL & EMERY LLP |
| | By: /s/ <u>Daniel R. Campbell</u> |
| | MCDERMOTT WILL & EMERY LLP |
| | Daniel R. Campbell |
| | Emilie E. O'Toole |
| | 444 West Lake Street |
| | Chicago, Illinois 60606 |
| | Telephone: 312.984.2167 |
| | Facsimile: 312.984.7700 |
| | dcampbell@mwe.com |
| | eotoole@mwe.com |
| | |
| | *Attorneys for Defendant American Education Services* |