IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| Amit B. Patel | ) | 18-31397 |
| | ) | Hon. Deborah L. Thorne |
| | ) | Trustee: Catherine L. Steege, |
| Debtor, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Amit B. Patel | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 20A 00272 |
| v. | ) | |
| | ) | |
| American Education Services, Bank of Lake Mills and American University of Antigua | ) ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(8)**

Plaintiffs, Amit B. Patel complains as follows:

### I. JURISDICTION

1. This Court has jurisdiction under 28 U.S.C. § 1334(b), as this action arises in, arises under, and is related to an underlying bankruptcy matter—18-31397, currently pending in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

2. Personal jurisdiction exists over the Defendant in accordance with Federal Rule of Bankruptcy Procedure 7004(f).

3. Under 28 U.S.C. § 1409(a), this Court is the proper venue in which to bring this action.

4. This Complaint is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

## II. FACTS AND BACKGROUND

5. Patel began attending the American University of Antigua ("AUA") in 2007 and completed his studies in 2012.

6. While he studied at AUA, American Education Services ("AES") a for-profit institution and servicer for Bank of Lake Mills, lent Patel nearly $20,670.00 in what it deemed to be student loans.

7. AES disbursed these loans in January 2009.

8. On September 28, 2017, Patel filed the underlying petition for relief under Chapter 7 of the Bankruptcy Code. This action seeks to determine that the funds received from AES do not meet the statutory requirements to be excepted from Patel's discharge.

## III. APPLICABLE STANDARDS

9. Generally, student loans cannot be discharged through bankruptcy; however, under certain circumstances, student loans *can* be included in a debtor's discharge. Section 523(a) specifically states that:

   (a) A discharge under … this title does not discharge an individual debtor from any debt—

   (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for—

   (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or

   (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or,

2

(B) any other educational loan that is a *qualified education loan*, as defined in section 221(d)(1) of the Internal Revenue Code of 1986 ("IRC"), incurred by a debtor who is an individual..." (emphasis added).

10. Under the IRC, "qualified higher education expenses" means the cost of attendance…at an *eligible educational institution...*" I.R.C. § 221(d)(2), (emphasis added). The IRC further states that "[f]or purposes of the preceding sentence [I.R.C. § 221(d)(1)], the term "eligible educational institution" has the same meaning as that found in 26 U.S.C. § 25A(f)(2). *Id.*

11. To be deemed an "eligible educational institution," an institution must "[be] described in section 481 of the Higher Education Act of 1965 (20 U.S.C. 1088), … **and** *"[be] eligible to participate in a program under title IV of such Act."*
26 U.S.C. § 25A(f)(2), (emphasis added).

## IV. DISCUSSION

Patel attended the American University of Antigua from 2007 to 2012, and took out private loans in January 2009 *before* the school received its Title IV status.

12. Patel bases the argument in favor of dischargeability on the last point—American University of Antigua *was not* a Title IV-eligible institution during his studies and when the funds were disbursed.

13. AUA received its Title IV certification in October of 2015, after the private loans in question were disbursed to Patel, this has been confirmed by Patel's counsel having spoke to Mr. Len Sclafani, counsel for AUA who stated to counsel that AUA was not TITLE IV approved until October of 2015 and in fact did not receive any funds from the U.S. Department of Education until sometime after October of 2015, well after the private loans in question had been disbursed to Patel.

3

14. When Congress amended Section 523(a) in 2005, that body specifically inserted the requirement that a "qualified educational loan" **must** meet the definition found in Section 221(d)(1) of the IRC. H.R. Rep. No. 109-31, Pt. 1, 109th Cong., 1st Sess. (2005). Here, Patel obtained the loans at a time when AUA did not appear on the Federal School code lists. (See Exhibit #2).

15. Its absence indicates AUA did not enjoy Title-IV status at that time, therefore AUA did not meet the definition of a "qualified educational institution" during Patel's attendance. AUA did not receive their Title IV status until 2015, after Patel's private loans were disbursed to him, this fact has been confirmed by counsel for Patel after the filing of this complaint.

Congress did specifically intend to require that for a student loan to be excepted from discharge, it meet the requirements both that it be a qualified education loan and for the student to have attended a Title IV educational institution. This resulted in a stricter standard to be applied in determining dischargeability of student loans, but also clarified the standard a lender must meet to have loans excepted.

The loans in question here were *not* made by programs funded by a governmental unit or a non-profit institution, and as the lender in this case is a for profit institution, AES fails to satisfy the elements required for dischargeability on that front. Therefore, AES has not met each of the required standards to claim the disbursed funds should be considered a qualified education expense, and therefore excepted from discharge.

16. Patel requests this Court enter an order determining the debt allegedly owed to AES are in fact not a qualified education expense, and therefore they are included in the discharge Patel received in the underlying bankruptcy action.

Dated: November 19, 2020                          Respectfully Submitted:

                                                           */s/Raffy A. Kaplan*
                                                             Raffy A. Kaplan
                                                             Attorney for Debtor

Raffy A. Kaplan
Kaplan Bankruptcy Firm, LLC
25 East Washington St. Suite 1501
Chicago, IL 60602
ARDC 6275234

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| Amit B. Patel | ) | 18-31397 |
| | ) | Hon. Deborah L. Thorne |
| | ) | Trustee: Catherine L. Steege, |
| Debtor, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Amit B. Patel | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 20A 00272 |
| v. | ) | |
| | ) | |
| American Education Services, Bank of Lake | ) | |
| Mills and American University of Antigua | ) | |
| | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

Raffy A. Kaplan certifies that service of the above and foregoing notice and attached pleadings was accomplished in the manner indicated on this the 19th day of November 2020.

*/s/ Raffy A. Kaplan*

Via CM/ECF Mail and Email:
- David D. Campbell: dcampbell@mwe.com
- Emily O'Toole: eotoole@mwe.com
- Catherine L. Steege: csteege@jenner.com

Via Regular Mail:
Amit B. Patel
874 Forest Glen Court IL
Bartlett, IL 60103

Office of The U.S. Trustee
219 S. Dearborn, Street, Ste. 873
Chicago, IL 60604

AES
PO Box 2461
Harrisburg, PA 17105

6

AES
1200 N. Seventh St.
Harrisburg, PA 17102-1444

Ed Invest
33 Bassett Lane
Hyannis, MA 02601

Weltman, Weinberg & Reis
3705 Mariana Drive
Grove City, OH 43123

Navient
123 Justison Street  3rd Floor
Wilmington, DE 19801

Weltman, Weinberg & Reis
180 North LaSalle, Ste. 2400
Chicago, IL 60601

American Education Services
P.O. Box 65093
Baltimore, MD 21264-5093e

Education Investment Company LLC
33 Bassett Lane
Hyannis MA 02601

AES
P.O. Box 2251
Harrisburg, PA 17105-2251




Fox Rothchild LLP
222 South 9th Street Suite 2000
Minneapolis, MN 55402

American University of Antigua
Attn: Len Sclafani
One Battery Park Plaza 33rd Floor
New York, NY 10004

American University of Antigua
Attn: Financial Aid Office
One Battery Park Plaza 33rd Floor
New York, NY 10004

American University of Antigua
One Battery Park Plaza 33rd Floor
New York, NY 10004

American University of Antigua
Attn: Registrar's Office
One Battery Park Plaza 33rd Floor
New York, NY 10004

Corporation Trust Company LLC
Corporation Trust Ctr
1209 Orange Street,
Wilmington DE 19801

Education Investment Company LLC
2401 International Lane
Madison WI 53704

Pennyslvania Higher Education Assistance
1200 N 7TH ST
HARRISBURG PA 17102-1419 Dauphin

James P. Hoff
American Education Services
2447 ARDSLEY AVE
GLENSIDE PA 19038-0 Montgomery

Bank of Lake Mills Corporate
Headquarters
136 E Madison Street •
Lake Mills, WI   53551

Bank of Lake Mills
400 Bernard Street
Watertown, Wisconsin 53094