IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 7 |
| Amit B. Patel | ) 18-31397 |
| | ) Hon. Deborah L. Thorne |
| | ) Trustee: Marilyn O. Marshall |
| Debtor, | ) |
| | ) |
| | ) |
| | ) |
| Amit B. Patel | ) |
| | ) |
| Plaintiff, | ) |
| | ) Adv. Pro. No. 20-00272 |
| v. | ) |
| | ) |
| American Education Services, Bank of Lake | ) |
| Mills and American University of Antigua | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF MOTION OF DEFENDANT AMERICAN EDUCATION SERVICES TO DISMISS IT AS A PARTY

TO: All parties of record in the above-captioned adversary proceeding

PLEASE TAKE NOTICE that, on Thursday January 7, 2021, at 9:30 a.m., or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Deborah L. Thorne or any other judge sitting in her stead in Courtroom 613 of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, located at 219 South Dearborn Street, Chicago, Illinois, and then and there present the Motion of Defendant American Education Services to Dismiss It as a Party, a copy of which is attached hereto and herewith served upon you.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

1

**To appear by video**, use this link: https://www.zoomgov.com.  Then enter the meeting ID.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID.

**Meeting ID and password**.  The meeting ID for this hearing is 160 9362 1728 – there is no password required.  The meeting ID and further information can also be found on Judge Thorne's web page on the Court's web site.

**If you object to this Motion** and want it called on the presentment date above, you must file a Notice of Objection no later than January 5, 2021, two (2) business days before that date.  If a Notice of Objection is timely filed, the Motion will be called on the presentment date.  If no Notice of Objection is timely filed, the Court may grant the Motion in advance without a hearing.

Dated: December 18, 2020               MCDERMOTT WILL & EMERY LLP

                                       By: /s/ *Daniel R. Campbell*

                                       MCDERMOTT WILL & EMERY LLP
                                       Daniel R. Campbell
                                       Emilie E. O'Toole
                                       444 West Lake Street
                                       Chicago, Illinois 60606
                                       Telephone: 312.984.2167
                                       Facsimile: 312.984.7700
                                       dcampbell@mwe.com
                                       eotoole@mwe.com

                                       *Attorneys for Defendant American Education Services*

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 7 |
| Amit B. Patel | ) 18-31397 |
| | ) Hon. Deborah L. Thorne |
| | ) Trustee: Marilyn O. Marshall |
| Debtor, | ) |
| | ) |
| | ) |
| | ) |
| Amit B. Patel | ) |
| | ) |
| Plaintiff, | ) |
| | ) Adv. Pro. No. 20-00272 |
| v. | ) |
| | ) |
| American Education Services, Bank of Lake | ) |
| Mills and American University of Antigua | ) |
| | ) |
| Defendant. | ) |

**MOTION OF DEFENDANT AMERICAN EDUCATION SERVICES
TO DISMISS IT AS A PARTY**

Pursuant to Rule 21 of the Federal Rules of Civil Procedure and Rule 7021 of the Bankruptcy Rules, defendant American Education Services ("AES"), by and through its attorneys, hereby moves to dismiss AES as a defendant named by plaintiff Amit Patel in the Amended Complaint (Dkt. No. 23) on the ground that AES was misjoined and does not own or hold any proprietary interest in any loans that Mr. Patel asks this Court to declare discharged. AES, as a mere servicer of loans owned by another party to this adversary proceeding, should be dismissed from this case, with prejudice.

1

WHEREFORE, AES respectfully requests, as more fully set forth in the memorandum of law incorporated herein, that the Court enter an Order in the form attached hereto, dismissing AES as a party in this case with prejudice.

Dated: December 18, 2020                    MCDERMOTT WILL & EMERY LLP

                                                    By: /s/ Daniel R. Campbell

MCDERMOTT WILL & EMERY LLP
Daniel R. Campbell
Emilie E. O'Toole
444 West Lake Street
Chicago, Illinois 60606
Telephone: 312.984.2167
Facsimile: 312.984.7700
dcampbell@mwe.com
eotoole@mwe.com

*Attorneys for Defendant American Education Services*

# AMERICAN EDUCATION SERVICES' MEMORANDUM OF LAW
# IN SUPPORT OF ITS MOTION TO DISMISS IT AS A PARTY

In his Amended Complaint, plaintiff Amit B. Patel seeks an order discharging his student loans pursuant to 11 U.S.C. § 523(a)(8).[1] Defendant American Education Services ("AES") submits this memorandum of law in support of AES' motion to dismiss the Amended Complaint as against AES pursuant to Rule 7021 of the Bankruptcy Rules and Rule 21 of the Federal Rules of Civil Procedure.

In his Amended Complaint, which reads like an unstructured stream of consciousness, Mr. Patel seeks a declaration that his student loans should be discharged under Section 523(a)(8) of the Bankruptcy Code, alleging that AES should be a party because it was involved in the making and servicing of the loans at issue. Yet, notwithstanding Mr. Patel's vague and imprecise allegations, the documentary evidence that Mr. Patel attached to the Amended Complaint, as well as the declaration submitted by AES, demonstrate that AES was misjoined to this adversary proceeding because AES cannot provide the relief that Mr. Patel seeks.

It cannot be disputed that AES is merely the servicer of Mr. Patel's loans, but not the owner of the debt. AES would be totally unaffected by any declaration that this Court would issue regarding the status of Mr. Patel's loans under Section 523(a)(8) because AES does not own any of the loans. AES has no property rights that could be affected or impaired by any judgment issued by the Court, and AES' exercise of its rights will not be circumscribed or curtailed as a result of such a judgment.

---

[1] The Court previously granted a motion to strike Mr. Patel's scattershot and puzzling initial Complaint. Dkt. 17. Mr. Patel's Amended Complaint is hardly any different but for the deletion of legal argument. *Compare* Dkt. 1 *with* Dkt. 23. Nonetheless, the Court need not revisit at this time its ruling on AES' Motion to Strike or assess the adequacy of the Amended Complaint in order to decide this Motion.

1

AES is a pointless party to this proceeding, especially since Mr. Patel has named the actual owner of the loans, the American University of Antigua (the "University"), as a defendant. This Court needs only those two parties in order to adjudicate the dispute alleged in the Amended Complaint (once it is clear that the University has been actually served with process).

Therefore, AES should be dismissed pursuant to Rule 7021 of the Bankruptcy Rules and Rule 21 of the Federal Rules of Civil Procedure, with prejudice.

**I.    STATEMENT OF FACTS**

AES is the trade name of the division of Pennsylvania Higher Education Assistance Agency ("PHEAA") that services private student loans. *See* Ex. A, Declaration of Earl Hoch ("Hoch Decl.") ¶ 2. Mr. Patel alleges that AES is a "servicer for Bank of Lake Mills," but Patel never alleges that AES owns the loans in interest. Amended Complaint ¶ 6.[2] In fact, Mr. Patel does not allege who the proper owner of the loans at issue in this case is anywhere in the Amended Complaint.

Defendant Bank of Lake Mills was the original owner of Mr. Patel's loans, but it sold the loans to the University on May 18, 2009. Hoch Decl. ¶ 6. No later than July 3, 2020, Mr. Patel knew, by virtue of a notice from AES, that the University is the current owner of the loan. *Id.* ¶ 3; s*ee* Amended Complaint, Ex. 1.

On September 28, 2017, Mr. Patel filed a petition under Chapter 7. Amended Complaint ¶ 8. On August 6, 2020, Mr. Patel commenced this adversary proceeding against AES, Bank of Lake Mills and the University. Dkt. No. 1. Mr. Patel then filed his Amended Complaint on November 19, 2020. Dkt. No. 23.

---

[2] The Amended Complaint is Dkt. No. 23.

Mr. Patel's "facts and background" section of the Amended Complaint contains only four allegations and remains unchanged from the initial complaint.[3] Mr. Patel states that he began attending the University in 2007 and completed his studies in 2012. Amended Complaint ¶ 5. Mr. Patel alleges that AES and Bank of Lake Mills lent him nearly $20,670.00 in student loans, *id.* ¶ 6, that AES disbursed these loans in January 2009, *id.* ¶ 7, and that Mr. Patel filed the underlying Chapter 7 action on September 28, 2017. *Id.* ¶ 8. Mr. Patel never pleads what legal interest AES has in this dispute, and Mr. Patel never pleads what entity owns the loans that Mr. Patel asks this Court to declare discharged.

In fact, AES has no legal interest. It just services the loan, and does not own any of Mr. Patel's loans. Hoch Decl. ¶¶ 3, 5. The only party that has a legal interest in the loans is the University. *Id.* ¶¶ 5-7.

## II. LEGAL STANDARD

Rule 21 of the Federal Rules of Civil Procedure is made applicable to this adversary proceeding by Rule 7021 of the Bankruptcy Rules. Rule 21 provides that a court may "on just terms, add or drop a party" based on misjoinder or nonjoinder of the party. "In the event the Court finds that joinder is improper, Rule 21 comes into effect and allows the Court to add or drop a party, or sever any claim against another party." *McDowell v. Morgan Stanley & Co.*, 645 F. Supp. 2d 690, 694 (N.D. Ill. 2009).

Courts have broad discretion to, "on just terms," dismiss a misjoined party from the action. *See Intercon Research Associates, Ltd. v. Dresser Industries, Inc.*, 696 F.2d 53, 56 (7th Cir. 1982); *Glendora v. Malone*, 917 F. Supp. 224, 227 (S.D.N.Y. 1996). The court "may only drop claims

---

[3] AES recites the "allegations" of the Amended Complaint here for background purposes only. AES reserves its right to submit an answer and to respond to those allegations in the event that the Court denies this Motion.

3

against dispensable parties." *Livingston v. Hoffman-LaRoche, Inc.*, No. 09 C 2611, 2009 WL 2448804, at *6 (N.D. Ill. Aug. 6, 2009) (citing *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832 (1989)). The determination is not made on only the complaint—the misjoined party may file a motion to dismiss pursuant to Rule 21, supported by affidavit, in response to a complaint that misjoins the party. See *Aalabdulrasul v. ACS*, No. 11-09089, 2012 WL 1597277 (Bankr. N.D. Iowa May 27, 2012).[4]

A court may dismiss a party from a lawsuit when that party holds no substantial legal interest to the claims asserted by the plaintiff. *See Edgar v. City of Chicago*, 942 F. Supp. 366, 370 (N.D. Ill. 1996), *vacated on other grounds*, *Illinois v. City of Chicago*, 137 F.3d 474 (7th Cir. 1998) (citing *Glendora*, 917 F. Supp. at 227, n.3 ("Clearly, the court may rely on Rule 21 to delete parties that have no connection to the claims asserted.")). Similarly, "where certain defendants are clearly without authority or power to effect any of the relief sought by the plaintiffs, a motion to drop those defendants may properly be granted." *Hispanic Coalition On Reapportionment v. Legislative Reapportionment Commission*, 536 F. Supp. 578, 584 (E.D. Pa. 1982) (citations omitted), *aff'd*, 459 U.S. 801 (1982).

### III. AES IS NOT A REAL PARTY IN INTEREST AND IS MISJOINED

AES is not an actual party in interest to this adversary proceeding because AES holds no ownership interest in Mr. Patel's student loans. Hoch Decl. ¶ 5. As the servicer of Mr. Patel's loans, neither Mr. Patel's nor AES' rights would be affected by any judgment against AES under 11 U.S.C. § 523(a)(8). Assuming *arguendo* that Mr. Patel prevailed, a judgment entered against AES would be pointless.

---

[4] On this motion, as it relates to AES' status as a party, under Rule 21, the allegations in the Complaint therefore do not have to be accepted as true.

4

A. **AES Cannot Provide Patel with the Relief He Seeks**

A loan servicer like AES is not a real party in interest here because it does not hold any proprietary interest in the debts that this Court is asked to declare discharged. *See In re Lepre*, 466 B.R. 727, 729–30 (Bankr. W.D. Pa. 2012), *subsequently aff'd*, 530 F. App'x 121 (3d Cir. 2013) (substituting loan owner for PHEAA as it no longer had any right, title or interest in the loan).

A loan servicer, such as AES, does not own the loan, but rather only services it on behalf of the actual loan owner. Other courts have dismissed AES/PHEAA and other servicers when their role was limited to that of servicer. *E.g.*, *Aalabdulrasul*, 2012 WL 1597277 (granting AES's Rule 21 motion and dropping it from student loan discharge dispute because AES was merely the servicer of the loan); *In re Bennett*, No. 15-06051, 2015 WL 5602881 (Bankr. M.D.N.C. Sept. 22, 2015) (dismissing PHEAA from student loan discharge proceeding when plaintiff merely sought information from it as the servicer of the loan), *In re Hubbard*, No. 14-1010, 2014 WL 1654703 (Bankr. E.D. Tenn. Apr. 25, 2014) (dismissing PHEAA from adversary proceeding because it was not the owner of the loan); *see also In re Shanks*, No. 14-5189-BEM, 2014 WL 4365962 (N.D. Ga. Aug. 28, 2014) (granting motion to dismiss servicer from adversary proceeding); *Srinivasan v. Sallie Mae, Inc.*, No. 10-1545(RTL), 2010 WL 3633062 (Bankr. D.N.J. Sept. 7, 2010) (dismissing defendant because it was the servicer, and not the loan owner); *cf. In re Kleckner*, 560 B.R. 172 (Bankr. E.D. Pa. 2016) (granting summary judgment in favor of AES in adversary proceeding seeking discharge of loans because AES was not the owner or holder of the debtor's loans).

*Aalabdulrasul* is directly on point, as the court dismissed AES as a party in that proceeding pursuant to Rule 21. The court dismissed AES from the proceeding because the student loan debt was not owed to AES, which was merely the servicer of the loan. 2012 WL 1597277 at *2. The court explained, "[a]s in *Srinivasan*, the Defendant here, AES, is not owed a debt by the Debtor.

5

Accordingly, AES cannot provide the relief Debtor seeks under 11 U.S.C. § 523(a)(8)." *Id.* That same conclusion must be reached in this case. Mr. Patel does not allege (and could not allege) that AES is anything more than a servicer. In fact, Mr. Patel does not even plead who owns/holds the debts at issue in this proceeding. Thus, as in *Aalabdulrasul*, AES "cannot provide the relief [the debtor] seeks under 11 U.S.C. § 523(a)(8)." *Id.*

Likewise, in *In re Kleckner*, the court dismissed a complaint against AES because it was the servicer of the loan, and not the owner. 560 B.R. at 178. The court held: "Therefore, AES has established that it is not the owner or holder of the Debtor's student loans, negating an element of the Debtor's nondischargeability claim under 11 U.S.C. § 523(a)(8)." *Id.* Similarly, in *In re Bennett*, No. 15-06051, 2015 WL 5602881 (Bankr. M.D.N.C. Sept. 22, 2015), the court dismissed the plaintiff's complaint against PHEAA because, by plaintiff's own admission, PHEAA was not the owner of the loan. *Id.* at *2. Plaintiff also conceded he was merely seeking information from PHEAA regarding his loan. *Id.* The court noted that: "While the Court is not unsympathetic to the Plaintiff's desire to obtain information about his student loan, a cause of action under § 523(a)(8) against the loan servicer is not the appropriate procedure in which to do so." *Id.*

The courts have similarly dismissed servicers or non-creditors in other adversary proceedings seeking discharge of a debt. In *Srinivasan*, the debtor sought to have her loans discharged pursuant to Section 523(a)(8) against Sallie Mae, Inc. 2010 WL 3633062 at *1. Sallie Mae, Inc., however, was not the owner of the loans and was instead only the loan servicer. The court dismissed Sallie Mae, Inc. because Sallie Mae's role as servicer provided an insufficient legal interest and because the debtor could not recover against the servicer. The court held that: "Since there is no debt due from the Plaintiff/Debtor to the Defendant, Sallie Mae, Inc., no purpose

6

would be served in declaring the debt dischargeable." *Id.* Accordingly, the court denied the debtor's application for entry of default judgment against Sallie Mae, Inc. *Id.*

The court in *Grabis v. Navient Solutions, LLC*, No. 13-10669-JLG, 2018 WL 1508754, (Bankr. S.D.N.Y. Mar. 26, 2018), granted relief to the Department of Education ("DOE") pursuant to Rule 21. *Id.* at *4-6. There, the court concluded that: "Relief under Rule 21 dismissing a party from an action is especially appropriate when there is clearly no right or basis of relief from a party." *Id.* at *5 (internal citations omitted). DOE was not a creditor of the debtor because DOE did not own any of the student loans that the debtor sought to have discharged. *Id.* The DOE therefore was "not a proper party to that claim for relief." *Id.*

AES, like the other servicers and non-loan owners in every one of the decisions discussed above, is not the owner of Mr. Patel's loans and has no proprietary interest in Mr. Patel's debts. *See* Hoch Decl. ¶ 5. An order of discharge entered against AES could therefore have no effect on the legal status of Mr. Patel's loans. Further, AES is not necessary in order for this Court to discharge those loans. As the other courts have held, only the loan owners can provide Mr. Patel with the relief that he seeks, making the loan owner the only party to this proceeding with a sufficient legal interest to remain as a party. AES was therefore misjoined and should never have been named as a defendant.

Moreover, the Court has the necessary party before it. Thus, AES, as the servicer, is not needed as a party in the event that Mr. Patel actually succeeds in seeking relief under Section 523(a)(8) of the Bankruptcy Code.[5] The court's decision in *Aalabdulrasul* is instructive. There, the court held that: "Additionally, should this adversary be resolved in Debtor's favor, Defendants Chase-JP Morgan Chase Bank NA and Suntrust will be directed to notify AES of the outcome

---

[5] AES notes that Mr. Patel's loans were guaranteed by the University, and the loans therefore are not discharged pursuant to Section 523(a)(8)(A)(1) of the Bankruptcy Code.

7

immediately to guard against any further potential collection efforts-thus curing Debtor's concerns." 2012 WL 1597277 at *2. Likewise, any possible issue concerning continued collection activities after an order declaring the loans discharged can and should be resolved by a direction to the loan owner, the University, to provide appropriate notice to AES, as the servicer.

Accordingly, Mr. Patel will not be prejudiced by dismissal of AES from this proceeding. Mr. Patel has sued the University in this adversary proceeding. Any relief that may be appropriate, if Mr. Patel meets his burden and establishes his entitlement to a discharge, can be granted against the University as the loan owner. Other courts have considered this fact when dismissing the servicer. *See Aalabdulrasul*, 2012 WL 1597277 at *2; *In re Bennett*, 2015 WL 5602881 at *2. As a result, there is no justification for keeping AES as a party.

## **CONCLUSION**

For the foregoing reasons, defendant American Education Services' Motion to Dismiss It as a Party, with prejudice, should be granted in its entirety.

Dated: December 18, 2020                         MCDERMOTT WILL & EMERY LLP

By: /s/ Daniel R. Campbell

MCDERMOTT WILL & EMERY LLP
Daniel R. Campbell
Emilie E. O'Toole
444 West Lake Street
Chicago, Illinois 60606
Telephone: 312.984.2167
Facsimile: 312.984.7700
dcampbell@mwe.com
eotoole@mwe.com

*Attorneys for Defendant American Education Services*

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| Amit B. Patel | ) | 18-31397 |
| | ) | Hon. Deborah L. Thorne |
| | ) | Trustee: Marilyn O. Marshall |
| Debtor, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Amit B. Patel | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Pro. No. 20-00272 |
| V. | ) | |
| | ) | |
| American Education Services, Bank of Lake Mills and American University of Antigua | ) ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I, Daniel R. Campbell, an attorney, certify that on December 18, 2020, I caused true and correct copies of the foregoing **NOTICE OF MOTION TO DISMISS** and **MOTION TO DISMISS AMERICAN EDUCATION SERVICES AS A PARTY AND INCORPORATED MEMORANDUM OF LAW** to be served in accordance with the Administrative Procedures for the Case Management/Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Illinois to all counsel of record in this adversary proceeding, and by mail to:

> Bank of Lake Mills
> 136 East Madison Street
> Lake Mills, Wisconsin 53551

10

    American University of Antigua
    Attn: Len Sclafani
    One Battery Park Plaza, 33rd Floor
    New York, New York 10004

Dated: December 18, 2020        MCDERMOTT WILL & EMERY LLP

                                            By: /s/ Daniel R. Campbell

                                            MCDERMOTT WILL & EMERY LLP
                                            Daniel R. Campbell
                                            Emilie E. O'Toole
                                            444 West Lake Street
                                            Chicago, Illinois 60606
                                            Telephone: 312.984.2167
                                            Facsimile: 312.984.7700
                                            dcampbell@mwe.com
                                            eotoole@mwe.com

                                            *Attorneys for Defendant American Education Services*